B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of Virginia, Lynchburg Division

| | | | |
|---|---|---|---|
| In re | Resolute Holdings LLC | Case No. | 24-60458 |
| | Debtor(s) | Chapter | 11 |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | 7,500.00 ** |
   | Prior to the filing of this statement I have received | $ | 9,500.00 ** |
   | Balance Due | $ | 0.00 ** |

2. The source of the compensation paid to me was:

   ☒ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☒ Debtor    ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
       **See Attached Engagement Letter at Exhibit DCA

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
       **See Attached Engagement Letter at Exhibit DCA
       **Prior to the filing of this statement Tavenner & Beran, PLC received $7,500 (the "Retainer") plus $2,000 for the $1,738.00 filing fee and pre-filing expenses. Prior to the filing, $3,500 was utilized for services rendered, which leaves $4,000 on Retainer. Post-Petition Services will be billed as set forth in the Engagement Letter and subject to Bankruptcy Court Approval.

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| May 10, 2024 | /s/ Lynn L. Tavenner |
| Date | Lynn L. Tavenner  VSB# 30083 |
| | *Signature of Attorney* |
| | Tavenner & Beran, PLC |
| | 20 N 8th Street, 2nd Floor |
| | Richmond, VA 23219 |
| | (804) 783-8300   Fax: |
| | ltavenner@tb-lawfirm.com |
| | *Name of law firm* |

---

EXHIBIT DCA

# Tavenner & Beran, PLC
## Attorneys at Law

| | | |
|---|---|---|
| Lynn L. Tavenner<br>ltavenner@tb-lawfirm.com | 20 North Eighth Street, 2nd Floor<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Facsimile: (804) 783-0178 | File Number: |

April 23, 2024

<u>Via Email</u>
David Nielsen, DO
Resolute Holdings LLC

**Re:    Retention Agreement**

Dear Dr. Nielsen:

Thank you for retaining Tavenner & Beran, PLC ("**Tavenner & Beran**" and/or the "**Firm**") to assist Resolute Holdings LLC ("**Resolute**" and/or the "**Company**"), in connection with a financial restructuring. Please note that in the event that circumstances require your individual representation separate and apart from the Company, you may be required to retain independent counsel if the Firm determines that your individual interests conflict with those of the Company. Of course, if needed, we envision working with any individual counsel as appropriate. This letter will memorialize the Firm's engagement and our billing practices.

To the extent necessary and appropriate, Tavenner & Beran's services to Resolute may include:

1. representing and advising Resolute in connection with matters concerning restructuring;

2. representing and advising Resolute in connection with obligations to secured creditors, unsecured creditors, and other parties in interest;

3. assisting Resolute with restructuring, in the context of an out-of-court reorganization and/or Chapter 11 reorganization proceedings;

4. in the context of an in-court Chapter 11 reorganization (a "**Chapter 11 Case**"):

    a. preparing and filing (based upon information provided by Resolute) schedules of assets and liabilities, statement of financial affairs, and other pleadings necessary for the filing of a Chapter 11 petition;

    b. representing and advising Resolute in seeking court approval for use of cash and/or other financing alternatives;

  c. representing and advising Resolute in opposing complaints filed by creditors seeking relief from the automatic stay against any act or proceeding to enforce a lien against estate property or to continue any action against Resolute;

  d. representing and advising Resolute in connection with the enforcement of any violation of the automatic stay by creditors in possession of estate property;

  e. representing and advising Resolute in all proceedings and negotiations relating to the assumption, rejection, and assignment of leases and other executory contracts;

  f. representing and advising Resolute in proceedings and negotiations relating to the sale and/or refinancing of assets;

  g. assisting Resolute in formulating, preparing, and filing plan(s) of reorganization under Chapter 11 and in preparing related documents and pleadings;

  h. representing and advising Resolute in the prosecution and recovery of any preferential payments and in other avoidance actions; and

  i. representing and advising Resolute in all matters not specified above in connection with the Chapter 11 Case and related Chapter 11 proceedings.

  Notwithstanding anything to the contrary herein, Tavenner & Beran will not provide any advice relating to tax items, federal district court litigation, and/or state court litigation but will coordinate with any advisor Resolute may retain as special counsel in connection with debtor/creditor related implications. Tavenner & Beran will work with any said counsel and take reasonable precautions to limit unnecessary duplication of advice and/or services.

  To the extent that Resolute desires, and Tavenner & Beran agrees, to further expand the scope of services provided beyond those agreed herein, this Retention Agreement must be appropriately modified, amended, and/or supplemented in writing before such becomes effective.

  In connection with the services to be provided by Tavenner & Beran (as delineated above), Resolute shall provide Tavenner & Beran with a retainer in the amount of $7500.00 (the "**Retainer**") against which we may bill fees and costs. Resolute hereby grants to Tavenner & Beran a security interest in all amounts held to secure repayment of our fees and expenses as they become due. If any Chapter 11 Case is to be filed on behalf of the Company, the filing fee for the Bankruptcy Court (as defined below) is currently $1,738.00, which the Company must provide in addition to replenishing the Retainer to $7500.00.

  Our services will be charged at the Firm's hourly rates, which currently range from $680 to $695 per hour for attorneys and $195 to $220 for paralegals. The hourly rates are based upon many factors including the abilities, experience, and reputation of the individual attorneys of the Firm and are subject to periodic adjustment.

Resolute shall pay all costs incurred in connection with the representation, including, without limitation, expert witness fees, accountants' charges, etc. The Firm shall not be obligated to advance or incur costs on behalf of Resolute but, if we should elect to do so, Tavenner & Beran shall have the right, but not the obligation, to draw such amounts from the funds held in trust (subject to bankruptcy court approval, if necessary, as discussed below). In addition, Tavenner & Beran shall be entitled (subject to bankruptcy court approval, if necessary, as discussed below) to expense reimbursement as follows: $0.15 per copy for in-house copies; actual costs incurred for out-sourced copies; $1.00 per page for facsimiles; actual costs incurred for long distance phone charges; actual costs incurred for mail or other delivery mechanisms; actual costs incurred in connection with meals and other business related expenses; and legal rate of mileage reimbursement prescribed by the Internal Revenue Service.

All amounts of the Retainer shall be held in trust by Tavenner & Beran for payment of its fees and expenses. Our practice is to bill monthly (the "**Invoice**") for time expended and disbursements made by us in the previous month. Payment is due upon receipt of the Invoice. Tavenner & Beran shall be permitted (but not obligated) to draw from the Retainer the amounts due under the Invoice. If any Chapter 11 case is filed, in accordance with the Local Rules of the United States Bankruptcy Court for the Western District of Virginia (the "**Bankruptcy Court**"), the Federal Rules of Bankruptcy Procedure, and any orders entered by the Bankruptcy Court with respect to fees, Tavenner & Beran will make periodic application for payment of fees and expenses incurred. To the extent funds are available from Resolute to pay interim fees, Resolute will do so; however, in the event funds are not available, Tavenner & Beran will make final application for fees and costs advanced and may draw from the Retainer any fees and costs approved by the Bankruptcy Court. Any sums remaining in trust after full payment of our fees and costs will be paid as directed by the Bankruptcy Court. If payment is not made in accordance with any portion of the arrangement set out in this letter, Tavenner & Beran reserves the right to suspend or terminate our services and withdraw from the representation, subject to the requisite approval of the Bankruptcy Court. Of course, Resolute may terminate our representation at any time.

Upon the completion of our representation, all files will be closed and indexed for storage. We will keep said files in long-term storage for three years thereafter. After three years, the files will be destroyed unless Resolute instructs, in writing, otherwise. At the conclusion of the representation Resolute should inform us if it wishes to have its papers and/or property returned before the files are processed for long-term storage.

We look forward to our relationship with Resolute. Please sign this letter and return it, along with the Retainer, so that we may begin work on this engagement. If you have any questions regarding this letter or our representation, please contact us. We look forward to working with you.

Very truly yours,

*Lynn Tavenner*

Lynn L. Tavenner

Page 4 of 4

Accepted this __23rd_____ day of April 2024, by:

Resolute Holdings LLC

___*David Nielsen*_____

David Nielsen, DO, its ___president_____