UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| RESOLUTE HOLDINGS LLC, ) | Case Number 24-60458 |
| ) | |
| Debtor. ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed an Objection to Debtor's Election to Proceed as a Small Business Debtor and Under Subchapter V of Chapter 11 (the "Objection"). A hearing on the Objection will be held on **June 5, 2024, at 2:30 p.m. in the United States Bankruptcy Court for the Western District of Virginia located in Charlottesville, Virginia at 255 W. Main Street**.

**If you do not want the Court to grant the relief requested in the Objection, then, pursuant to Local Rule 9013-1, you must timely file an appropriate response prior to the scheduled hearing. Absent a timely filed response, the Court may treat the Objection as conceded and enter the proposed order without the necessity of holding a hearing.**

**OBJECTION TO DEBTOR'S ELECTION TO PROCEED AS A SMALL BUSINESS DEBTOR AND UNDER SUBCHAPTER V OF CHAPTER 11**

Gerard R. Vetter, Acting United States Trustee for Region Four (the "United States Trustee"), by counsel, moves for the entry of an order providing that the Debtor may not proceed under Subchapter V of Chapter 11. In support of this objection, the United States Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The predicates for this motion are § 1182 of the Bankruptcy Code and Interim Bankruptcy Rule 1020.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND

4. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April 26, 2024 (Docket No. 1). The Debtor's petition is incorporated by reference.

5. On the petition, the Debtor elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code.

6. The United States Trustee appointed William E. Callahan, Jr. (the "Subchapter V Trustee") as the Subchapter V Trustee.

7. According to the Albemarle County, Virginia GIS site, the Debtor owns a single parcel of real estate comprised of 1.15 acres and a building formerly used as a retail store (the "Parcel").

8. On May 1, 2024, the Debtor, through its principal, along with its counsel attended an initial debtor interview. At that time, the Debtor's principal indicated that it purchased the Parcel with the intention of redeveloping the building into an office to be leased to the Debtor's principal (or his medical practice). According to the Debtor's principal, the building is currently a shell and the Debtor has no income.

9. It appears the Debtor now intends to sell the Parcel.

## ARGUMENT

10. Section 1182 of the Bankruptcy Code defines "debtor" for the purpose of Subchapter V as follows:

(1) Debtor —The term "debtor"—

(A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor;

>
> (B) does not include—
>> (i) any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders);
>> (ii) any debtor that is a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78m, 78o(d)); or
>> (iii) any debtor that is an affiliate of a corporation described in clause (ii).

11. Section 1182(1)(A) expressly defines "debtor," for the purpose of Subchapter V, as excluding single asset real estate debtors.

12. Federal Rule of Bankruptcy Procedure 1020, subsections (a) and (b) provide as follows:

> **(a) Small business debtor designation**
> In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply. In an involuntary chapter 11 case, the debtor shall file within 14 days after entry of the order for relief a statement as to whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply. The status of the case as a small business case or a case under subchapter V of chapter 11 shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect.
>
> **(b) Objecting to designation**
> The United States trustee or a party in interest may file an objection to the debtor's statement under subdivision (a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later.

13. The burden to establish eligibility for Subchapter V is on the Debtor. *See In re Blue*, 630 B.R. 179, 187 (Bankr. M.D.N.C. 2021) (collecting cases).

14. Section 101(51B) defines "single asset real estate" as: "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and

3

on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto."

15. The Parcel is the Debtor's primary asset. The Parcel is a single property, and it is a single project in that the Debtor intended to redevelop it into an office building to be rented to a single tenant.

16. The Parcel is not a "residential real property with fewer than 4 residential units."

17. The Debtor is not a family farmer because it is not an individual. *See* Section 101(18).

18. The Debtor has no operations, but if it did it appears they would consist of operation of the Parcel or activities incidental thereto. In other words, if the Debtor did have operations, its operations would consist of renting the Parcel and the Debtor's income would consist of rent. *See 2034 Sunset Plaza*, 616 B.R. 781, 782 (Bankr. C.D. Cal. 2020) (finding that this portion of the definition of "single asset real estate" was met even though the debtor had no income because if the debtor was ever to have income, it would be from the sale, lease or rental of its real property); *see also Shady Bird Lending, LLC v. Source Hotel, LLC (In re Source Hotel, LLC)*, 606 F. Supp. 3d 952, 961 (C.D. Cal. 2022) ("Accordingly, this court adopts the majority view expressed by other courts that the statutory definition of 'single asset real estate' includes property which generates no income.")[1]; (*In re Harmony Holdings, LLC*, 2008 Bankr. LEXIS 2106 *4 (Bankr. S.C. June 20, 2008) ("The fact that little or no income is generated during this period of time is of little or no consequence in terms of meeting the test for the definition of single asset real estate.") (*citing In re Kinard*, 2001 Bankr. LEXIS 2432 (Bankr. S.C. Nov. 21, 2001); *In re Syed*, 238 B.R.

---

[1] In this case, the district court reversed the bankruptcy court, which bankruptcy court had recognized its interpretation of 11 U.S.C. § 101(51B) as excluding property that produces no income "may be the only minority view[.]" *Id.* at 958

4

133 (Bankr. N.D. Ill. 1999) (rejecting the debtor's argument that it was not single asset real estate because it generated no income from its improvements on the petition date).

19. The only business of the Debtor is its attempts to develop the Parcel. *See In re Kara Homes, Inc.*, 363 B.R. 399, 406 (Bankr. D.N.J. 2007) ("From these cases, it is palpably clear that a 'single asset real estate' case is one in which the debtor performs functions intrinsic to owning and developing the real estate and not one where the debtor generates income from other activities not incidental thereto.").

20. The Debtor is a single asset real estate debtor, so the Debtor is not eligible to proceed under Subchapter V of Chapter 11. *See* Section 1182(1)(A).

21. Upon information and belief, the Debtor intends to argue that it is a "health care business." *See* 11 U.S.C. § 101(27A).[2] Setting aside that "health care business" is not an eligibility provision, 11 U.S.C. §§ 101(27A) and 333, the Debtor can apparently point to no case indicating that fitting within the definition of "health care business" somehow insulates a debtor from the single asset real estate exclusion to subchapter V eligibility. Even if the Debtor could point to such case law, the Debtor is not a "health care business" for the following reasons, which reasons are not exclusive of other evidence that may be adduced at trial and support other arguments:

* the Debtor, under penalty of perjury, indicated on its petition in response to question number 7 that it was not a health care business;[3]

* the Debtor is not presently "*engaged in* offering to the general public facilities and services" for the statutorily specified reasons, *See In re Blue*,

---

[2] To the extent the Debtor is a "health care business" the Court, must act under 11 U.S.C. § 333.

[3] In seeming contradiction, however, the Debtor checked "yes" to question 15 on Official Form 207, which asks if the Debtor is a "Health Care bankruptc[y]" and appears to paraphrase the definition set forth in 11 U.S.C. § 101(27A).

5

    630 B.R. 179 (Bankr. M.D.N.C. 2021) (analyzing the meaning of "engaged in" and concluding it requires qualifying activities as of the petition date); *In re Ikalowych*, 629 B.R. 261, 280-83 (Bankr. Colo. 2021) (same); *In re Banes*, 355 B.R. 532, 535 (Bankr. M.D.N.C. 2006) (same);

\*  even if owning an empty shell of a building with the intention of redeveloping it to rent to a medical practice could satisfy the petition date requirement of actually "offering to the general public facilities[,]" the Debtor is not able to offer and, upon information and belief, has never had the intention of offering "services" for, by way of example and not in limitation, the diagnosis and treatment of injury or disease, 11 U.S.C. § 101(27A)(A); *see In re Banes*, 355 B.R. at 534 (analyzing the impact of the word "and" in 11 U.S.C. § 101(27A)); and

\*  subsection (B) of 11 U.S.C. § 101(27A) demonstrates the Debtor is not a "health care business," *see, e.g., In re Banes*, 355 B.R. at 534-35; *In re 7-Hills Radiology*, 350 B.R 902, 904-05 (Bankr. Nev. 2006).

22. Should the Debtor not be permitted to proceed under Subchapter V, the Subchapter V Trustee should be discharged.

23. The Debtor also may not proceed as a non-Subchapter V small business debtor. The definition of "small business debtor" also excludes single asset real estate debtors. *See* 11 U.S.C. Section 101(51D)(A).

24. The Debtor may proceed under "regular" Chapter 11 as a single asset real estate debtor.

WHEREFORE, the United States Trustee, by counsel, respectfully requests the entry of an order:

A. Providing that the Debtor's statements that it is a small business debtor and a Subchapter V debtor are incorrect and the Debtor may not proceed as such;

B. That the Subchapter V Trustee be discharged as of the date of filing of a Report of No Distribution;

C. Finding that the Debtor is not a "health care business" and that the provisions of 11 U.S.C. § 333 do not apply to this case, and;

D. That the United States Trustee be awarded such other relief as may be just and proper.

Date: May 17, 2024

Respectfully submitted,

Gerard R. Vetter, Acting United States Trustee for Region Four

By: /s/ W. Joel Charboneau

**CERTIFICATE OF SERVICE**

I certify that on May 17, 2024, I electronically filed the foregoing with the United States Bankruptcy Court for the Western District of Virginia which should have caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case including counsel for the Debtor and the Subchapter V Trustee. On this same date, I caused copies of this objection to mailed be first class mail to the entities on the attached Service List.

/s/ W. Joel Charboneau

Office of The United States Trustee
W. Joel Charboneau, Trial Attorney
VSB # 69025
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
Joel.charboneau@usdoj.gov

7

SERVICE LIST

Charlottesville Orthopaedic Center PLC
183 Spotnap Road, Suite C
Charlottesville, VA 22911-8812

County of Albemarle Dept. of Finance and Budget
401 McIntire Road
Charlottesville, VA 22902-4579

County of Albemarle Police Department
Colonel Sean Reeves, Police Chief
1600 Fifth St., Suite D
Charlottesville, VA 22902-6495

David Cox, Esquire
900 Lakeside Drive
Lynchburg, VA 24501-2675

David Nielson
1682 Redington Lane
Charlottesville, VA 22901-1268

David Thomas, Esquire
310 4th St., NE
Charlottesville, VA 22902-5299

George Garner
3781 Westerre Parkway, Ste E
Henrico, VA 23233-1328

State Farm Insurance
Gary Albert, Agent
1380 Rio Road E.
Charlottesville, VA 22901-1704